UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GREGORY L. JURIN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 14-02882 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 17] |

## INTRODUCTION

This case is one of two related actions seeking a determination as to Gregory Jurin's entitlement to long-term care benefits under a policy issued by Transamerica Life Insurance Company. On April 23, 2014, Transamerica filed suit in this court against Jurin and James P. McCrea alleging fraud and conspiracy and seeking declaratory relief. *See* Complaint, *Transamerica Life Ins. Co. v. Jurin*, No. C 14-01881 LB, ECF No. 1. On May 27, 2014, Jurin filed a separate suit against Transamerica and Dr. Mohinder Nijjar in Alameda County Superior Court for claims arising out of the same insurance policy. *See* Complaint, ECF No. 1-2. Transamerica removed the state court action to this court asserting diversity jurisdiction. *See* Notice of Removal, ECF No. 1. Now before the court is Plaintiff's amended motion to remand. Motion to Remand, ECF No. 17. The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b) and GRANTS Plaintiff's motion.

**STATEMENT**

**I. FACTUAL ALLEGATIONS**

In November 1996, Jurin applied for long-term care insurance from Transamerica. Complaint, ECF No. 1, ¶ 6. Transamerica issued a policy to Jurin (the "Policy"), effective December 28, 1996, which provides various types of benefits including Nursing/Residential Care Facility benefits and Home Care benefits, including a Personal Care benefit. *Id.* ¶ 7. Jurin alleges that he "has required constant assistance from a caregiver" since his involvement in a car accident in November 2003. *Id.* ¶ 11. In late 2004, Jurin submitted a claim for Personal Care benefits under the Policy and began receiving payments from Transamerica. To receive benefits Jurin was required to undergo an initial assessment by a nurse care coordinator, as well as reassessments every six months. *Id.* ¶ 12. Jurin alleges that Transamerica "surreptitiously surveilled" him in January and February 2012 in an effort to terminate his personal care benefits and rescind the Policy. *Id.* ¶ 13.

In October 2013, Transamerica "demanded that [he] submit to a medical examination" by Dr. Nijjar. *Id.* ¶ 14. Jurin alleges that Dr. Nijjar "performed many intrusive and uncessary physical procedures" on him, including palpating his lower back. *Id.* ¶ 15. Despite Jurin's demands that Dr. Nijjar "stop at once" due to the "significant pain" the palpations caused, Dr. Nijjar allegedly continued the palpations "with even more force, pounding [his] back, causing injury, pain, unwanted touching, and emotional distress and anxiety." *Id.* Jurin alleges that Dr. Nijjar's pounding "did not have as its purpose to facilitate conducting a proper examination" but rather "was designed to inflict bodily injury." *Id.* Following the examination, Dr. Nijjar prepared a written report in which he concluded that Jurin was unable to perform the activities of daily living without a caregiver and recommended that Transamerica continue Jurin's benefits under the Policy. *Id.* ¶ 16.

Jurin alleges that Transamerica continued its surveillance of him "with the hope that it could convince Dr. Nijjar to alter his opinion and thus terminate" Jurin's coverage. *Id.* ¶ 17. After obtaining video footage that it allegedly "knew did not accurately portray [Jurin's] functional abilities on any reasonably consistent basis," Transamerica presented the footage to Dr. Nijjar and "demanded that [he] revise his opinion based upon it." *Id.* Dr. Nijjar then "issued a supplemental

1 report reversing the conclusions he previously formed after personally and physically examining

2 Plaintiff." *Id.* In a letter dated April 8, 2014, Transamerica informed Jurin that he was no longer

3 entitled to any benefits under the policy.

## II. PROCEDURAL HISTORY

On April 23, 2014, Transamerica sued Jurin and James McCrea in this court alleging fraud and conspiracy to defraud and seeking declaratory judgment that Jurin is not entitled to additional benefits under the Policy. *See Transamerica Life Ins. Co. v. Jurin*, No. C 14-01881 LB, ECF No. 1. On May 27, 2014, Jurin brought suit against Transamerica and Dr. Nijjar in Alameda County Superior Court. *See* Complaint, ECF No. 1-2. Jurin's Complaint alleges causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing against Transamerica, Complaint, ECF No. 1-2, ¶¶ 26-35, and a separate cause of action for battery against Dr. Nijjar, *id*. ¶¶ 26-40. Transamerica removed the action to this court and answered the Complaint. *See* Notice of Removal, ECF No.1; Answer, ECF No. 5. Dr. Nijjar moves to dismiss the claim against him. Motion to Dismiss, ECF No. 10, and Jurin moves to remand the action to Superior Court, ECF No. 17.

## ANALYSIS

### I. THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER JURIN'S COMPLAINT

### A. Legal Standard

Under the removal statute, 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. There are two varieties of original jurisdiction: (1) federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332. The Supreme Court has interpreted section 1332(a) to require "complete diversity of citizenship"—that is, each plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996);

*see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).  When a matter is removed on diversity grounds, complete diversity "must exist at the time the action is removed to federal court."  *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).  The removing party bears the burden of establishing that the court has subject matter jurisdiction.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  Remand to state court may be ordered either for lack of subject matter jurisdiction or, upon the timely filing of a motion to remand, for any defect in removal procedure.  28 U.S.C. § 1447(c).

**B.  Removal Was Improper Because The Parties Lack Complete Diversity**

Transamerica removed this action under 28 U.S.C. § 1441(b), asserting that the court has diversity jurisdiction.  It is undisputed that complete diversity is lacking on the face of the pleadings, however, because both Jurin and Dr. Nijjar are both California citizens.  Transamerica urges the Court to disregard Nijjar's California citizenship, arguing that he is a sham defendant named solely to defeat diversity for the purpose of forum-shopping.

The Ninth Circuit recognizes the doctrine of fraudulent joinder as an exception to the requirement of complete diversity in removed cases.  Removal is proper despite the presence of a non-diverse or resident defendant if that defendant was fraudulently joined.  *See Caterpillar, Inc.*, 519 U.S. at 68; *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987) (a fraudulently joined defendant will not defeat diversity jurisdiction).  In the Ninth Circuit, if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *McCabe*, 811 F.2d at 1339.  There is a strong presumption against fraudulent joinder, and a defendant who asserts it "carr[ies] a] heavy burden of persuasion."  *Lieberman v. Meshkin, Mazandarani*, C-96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).  "Indeed, [a defendant] must show to 'a near certainty' that joinder was fraudulent and that 'plaintiff has *no actual intention to prosecute* an action against [that] particular resident

defendant[]." *Osorio v. Wells Fargo Bank*, No. C 12-02645 RS, 2012 WL 2054997, at *2 (N.D. Cal. June 5, 2012) (quoting *Diaz v. Allstate Ins. Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citing *Boyer*, 913 F.2d at 111)); *see also Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

  A non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). "[T]o establish that there has been no fraudulent joinder, a plaintiff need only have one potentially valid claim against a non-diverse defendant." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993-95 (D. Nev. 2005) (collecting cases). Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006) (citing *Nickelberry v. DaimlerChrysler Corp.*, No. C-06-1002 MMC, 2006 WL 997391, at *1-2 (N.D. Cal. Apr. 17, 2006) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the alleged sham defendant)). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris*, 2006 WL 2038040, at *2 ).

  Transamerica's removal does not, however, rely on the well-settled doctrine of fraudulent joinder. Opp'n, ECF No. 26 at 5 (clarifying that, while it believes Dr. Nijjar "will ultimately be proven to be a sham defendant, it did not remove the case on the basis of fraudulent joinder."). Instead, Transamerica maintains that its removal petition is based solely on the doctrine of fraudulent misjoinder, which was first articulated in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Fraudulent misjoinder "purportedly occurs when, in order to defeat diversity jurisdiction, a plaintiff joins its claims with those of a nondiverse plaintiff who has a

1 legitimate, but unrelated, claim against the same defendant." Wright and Miller, *Devices to Defeat*
2 *Diversity Jurisdiction: Joinder of Nondiverse Parties*, 13F Fed. Prac. & Proc. Juris. § 3641.1. A
3 court applying this doctrine would disregard the non-diverse plaintiff's citizenship when
4 determining jurisdiction if the two plaintiffs' claims are not sufficiently related to one another. *Id.*
5 Put another way, fraudulent misjoinder "recognizes situations where plausible claims have been
6 asserted, but joinder is improper nonetheless due to a lack of some real connection between the
7 defendants." *N.C. ex rel. Jones v. Pfizer, Inc.*, C 12-00531 WHA, 2012 WL 1029518, at *3 (N.D.
8 Cal. Mar. 26, 2012).

9     The Ninth Circuit "has not adopted, approved, nor applied," the theory of fraudulent
10 misjoinder upon which Transamerica relies. *Dent v. Lopez*, 1:14-CV-00442-LJO-SM, 2014 WL
11 3057456, at *6 (E.D. Cal. July 7, 2014) (recognizing that the doctrine of fraudulent misjoinder "is
12 simply inoperative in this circuit"). Indeed, district courts throughout the circuit have repeatedly
13 and consistently declined to adopt the doctrine. *See, e.g., Early v. Northrop Grumman Corp.*,
14 2:13-CV-3130-ODW MRW, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) ("While
15 fraudulent joinder is a well-established exception to the complete-diversity rule, the doctrine of
16 procedural or fraudulent misjoinder is a recent and unwarranted expansion of jurisdiction, one
17 which the Court is not inclined to adopt."). Given that the "Ninth Circuit has not adopted the
18 *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder
19 theory," Transamerica bases removal "on law that does not exist in this district." *Lopez v. Pfeffer*,
20 13-CV-03341 NC, 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013).

21     Like many other courts in the circuit, the court "finds it inappropriate to apply the novel theory
22 of fraudulent misjoinder, especially considering the requirement that federal jurisdiction 'must be
23 rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* at *4 (quoting
24 *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)); *see also Early*, 2013 WL 3872218, at *3
25 (finding it "axiomatic" that "removal under § 1441 should be narrowly construed and that any
26 doubts are resolved in favor of remand," while the theory of fraudulent misjoinder "flips this
27 maxim on its head by making cases removable that by § 1441's plain terms should not be,
28 effectively increasing the jurisdiction of federal courts beyond what the rules envision"). As the

Ninth Circuit recognized when first addressing the doctrine of fraudulent misjoinder, "[e]specially considering that 28 U.S.C. § 1441 is strictly construed against removal, the state court, not the federal court, should decide whether there is a sufficient nexus" between Jurin's claim against Transamerica and its claim against Dr. Nijjar. *See Sturm v. United Servs. Auto. Ass'n*, C 12-01810 WHA, 2012 WL 2135356, at *3 (N.D. Cal. June 12, 2012) (internal quotation marks and citation omitted).

Even if fraudulent misjoinder were a valid exception to the requirement of complete diversity, the doctrine simply does not apply given the facts and allegations of this case. The Eleventh Circuit in *Tapscott* found that misjoinder of a diverse defendant occurred only where "the diverse defendant has no real connection to the claim against the nondiverse defendant" and the joinder is not "mere misjoinder" but rather is "so egregious as to constitute fraudulent joinder." *Lopez*, 2013 WL 5367723, at *2 (quoting *Tapscott*, 77 F.3d at 1360.) Jurin's Complaint alleges a nexus between Transamerica and Dr. Nijjar, Compl. ¶¶ 14-18, while the two groups of plaintiffs in *Tapscott* did not even allege any such relationship. *See Watson v. Gish*, C 10-03770 SBA, 2011 WL 2160924, at *4 (N.D. Cal. June 1, 2011) (distinguishing *Tapscott* because "it is readily apparent that an interrelationship exists between the Defendants in this case that was absent in *Tapscott*"); *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, C-04-03615 RMW, 2005 WL 2216950, at *6 (N.D. Cal. July 25, 2005) (reading "*Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent" because "plaintiffs did not even attempt to justify their conglomeration of various unrelated defendants;" declining to apply *Tapscott* where plaintiff had "at least a colorable claim" against the non-diverse defendants).

The court concludes that Transamerica has not met its heavy burden as the removing party to establish the court's jurisdiction and its removal of this action was improper.

## II. THE ACTION MUST BE REMANDED

Having found that it does not have jurisdiction over this action, the court may not consider Dr. Nijjar's motion to dismiss, ECF. No. 10. Moreover, because this action is not properly before it, the court may not consolidate it with the other pending action, *Transamerica Life Ins. Co. v. Jurin*, No. C 14-01881 LB. Fed. R. Civ. P. 42. *See Carrasco v. HSBC Bank USA, N.A.*, C-11-2711

EMC, 2012 WL 646251, at *6 (N.D. Cal. Feb. 28, 2012) (finding that consolidation of an unlawful detainer case with a pending case was not permissible under Federal Rule of Civil Procedure 42 where the unlawful detainer action is not currently before the Court and cannot be removed to federal court).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this action to Alameda County Superior Court is GRANTED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 2, 2014



_____
LAUREL BEELER
United States Magistrate Judge

C 14-02882
ORDER